UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAL A.,<br><br>                     Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                     Defendant. | NO. 2:21-CV-0119-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 12, 13). Plaintiff is represented by Dana C. Madsen. Defendant is represented by SAUSA Shata L. Stucky. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denied Defendant's motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
& DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT & DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 12, 2018, Plaintiff protectively filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of June 1, 1984. Tr. 182-194. The application was denied initially, Tr. 100-103, and on reconsideration, Tr. 115-117. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on August 4, 2020. Tr. 33-62. At the hearing, Plaintiff, through her representative, amended the alleged onset date to June 12, 2018, the date the application was filed. Tr. 37. On September 2, 2020, the ALJ denied Plaintiff's claim. Tr. 14-32.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 12, 2018, the amended onset date and date for which the application was filed. Tr. 19. At step two, the ALJ found Plaintiff had the following severe impairments: generalized anxiety disorder, posttraumatic stress disorder (PTSD), major depressive disorder, and somatic and related disorder with associated migraine headaches and seizures. *Id*. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal

the severity of a listed impairment.  Tr. 19-21.  The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with certain exceptions:

> Specifically, the climbing of ladders, ropes, and scaffolds and exposure to hazards must be entirely precluded from work duties as assigned. In addition, assigned work must be limited to simple, routine, unskilled tasks with a SVP of 1 or 2 and reasoning level of 1 or 2. The assigned tasks must be learned in 30 days or less or by brief demonstration. Further, the assigned tasks must require no fast paced work such as tasks requiring quick decision making or involving rapid physical movement. Finally, the assigned work must require no interaction with the public.

Tr. 21.

At step four, the ALJ found that Plaintiff has no past relevant work.  Tr. 25.  At step five, the ALJ found that after considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as addressor, document preparer, surveillance worker, and elections worker.  Tr. 25-26.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 12, 2018 through September 2, 2020, the date of the ALJ's decision.  Tr. 26.

On January 25, 2021, the Appeals Council denied review, Tr. 1-4, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
& DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ improperly discredited Plaintiff's symptom claims;
2. Whether the ALJ's failed to properly consider and weigh the opinion evidence; and
3. Whether the errors were harmless and result in ancillary errors.

ECF No. 12 at 14.

## DISCUSSION

### A. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by failing to provide specific findings with clear and convincing reasons for discrediting her symptom claims. ECF No. 12 at 14-16. Plaintiff contends the ALJ essentially discounted her symptom claims by finding a lack of objective evidence to support them. Yet, Plaintiff contends there are objective findings that substantiate her symptoms, objective evidence that she experiences seizures and objective evidence of a brain abnormality. *Id*. at 15-16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective

medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

Significantly, Plaintiff testified that she is unable to read or write in any language, she has never worked and is unable to work because of severe headaches and seizures (sometimes every day in which she falls and blacks out), she does not have a driver's license, she has memory problems, and she has a caregiver that comes to her house two times a day, every day to take her to the bathroom, grooms her, helps her shower, prepares food, gives her medication, attends appointments,

1 and cleans the house.  Tr. 21-22.  Plaintiff does not speak English and requires the
2 services of a translator.
3    The ALJ found Plaintiff's medically determinable impairments might
4 reasonably be expected to cause the alleged symptoms; however, Plaintiff's
5 statements concerning the intensity, persistence, and limiting effects of those
6 symptoms were not entirely consistent with the medical evidence and other
7 evidence in the record.  Tr. 22.  The ALJ summarily decided that "claimant reports
8 ongoing severe headaches and seizures, but her physicians concluded these
9 symptoms are psychological, and considering they recommend behavioral
10 therapy."  Tr. 23.  The ALJ found that the Plaintiff's providers note no seizures
11 were witnessed in therapy (citation to one entry at Tr. 816 by one provider),
12 however, during an earlier examination a 9-minute seizure was witnessed, with
13 mild pelvic thrusting, unresponsiveness, she would stiffen, cry and moan.  Tr. 431.
14 Additionally, she was taken to the emergency room at least twice for seizures.  Tr.
15 613 (8/28/2018); Tr. 624 (12/30/2018).
16    Without any specificity, the ALJ found that "the physicians note a long
17 history of poor compliance" with medication and treatments.  Tr. 23 (referring to
18 Tr. 904).  However, that physician also explained that "the more I talked with the
19 patient it seems she was not availed an interpreter which is what led to so much of
20 the "non-compliance".   The ALJ also found that Plaintiff "declined all

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
& DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

recommended services" in her caregiver agreements. Tr. 23 (citing Ex. 19F/20F). That statement is not accurate as Plaintiff accepted extensive daily caregiver services, see Tr. 832, yet declined five other supplemental referrals, Tr. 833.

In sum, the ALJ has failed to give 'specific, clear and convincing reasons' for discounting Plaintiff's symptom testimony, especially in light of all the objective evidence supporting her testimony. This was error.

### B. Medical Opinion Evidence

Plaintiff challenges the ALJ's interpretation of the medical opinions as not supported by substantial evidence.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. § 416.920c(c); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff filed her Title XVI claim after March 27, 2017. *See* Tr. 17. Plaintiff does not dispute this analysis.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight … to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867-68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
& DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

findings from medical sources. 20 C.F.R. § 416.920c(a)-(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)-(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. § 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R.

§ 416.920c(c)(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported … and consistent with the record … but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. § 416.920c(c)(b)(2).

Here, Plaintiff's treating and examining providers consistently opined that she could not work. Tr. 634 (Nathan Le, PA-C, 5/26/2017); Tr. 639-41 Nathan Le, PA-C, 6/14/2017); Tr. 642-44 (Nathan Le, PA-C, 10/23/2017); Tr. 649-51 (Nathan Le, PA-C, 4/27/2018); Tr. 808 (Andrea Bloom, MA, dated 1/28/2019); Tr. 658-62 (Patrick Metoyer, Ph.D., 3/2/2019 – moderately to severely impaired in a host of functions); Tr. 8 (Lylanya Cox, MD, 10/22/2020 – unable to work, drive a car and unemployable).

The ALJ's explanation of supportability and consistency are inadequate to discount the myriad of professionals that conclude Plaintiff is not employable. The ALJ conceded that "The claimant suffers from a combination of psychological impairments that also cause physical symptoms" "including headaches and seizures." Tr. 24. The ALJ accepted that Plaintiff reported ongoing seizures, headaches, blackouts, and fainting, which are mentioned consistently throughout the record. *Id*. The ALJ also accepted the Plaintiff's husband's third-party

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT & DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

function report as persuasive and consistent with the evidence of record and supported by the claimant's testimony. *Id*.

Consequently, the ALJ's RFC findings and employability conclusions are not adequately explained and not supported by substantial evidence in the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

3. This case is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED December 20, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT & DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15